**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**HENDERSON-LEWIS: HINTON,**[1]

    Plaintiff,

v.                                                                       **Civil Action No. 3:15cv5**
                                                                                               **(Judge Groh)**

**UNITED STATES OF AMERICA,**

    Defendant.

**REPORT AND RECOMMENDATION THAT
APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT
COMPLAINT BE DISMISSED WITHOUT PREJUDICE**

On January 21, 2015, the *pro se* plaintiff, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, initiated this case by filing a Federal Tort Claim Action complaint pursuant to 28 U.S.C. §1346. Pursuant to a Notice of Deficiency, plaintiff filed his complaint on a court-approved form on February 17, 2015, along with all documents necessary to proceed as a pauper except for his Ledger Sheets, which he filed a Motion for an Extension of time to provide. By Order granted February 18, 2015, plaintiff's extension was granted. On February 23, 2015, plaintiff filed his Ledger Sheets.

In his complaint, the plaintiff alleging that during a June 3, 2013 cell search, a federal Correctional Officer ("C.O.") was both negligent and deliberately indifferent to his serious medical needs and medical disability, when the C.O. confiscated plaintiff's "medically-prescribed gloves and KY Jelly," knowing plaintiff needed them to "defecate in a humane and

---

[1] The plaintiff, who is no stranger to this Court, has chosen, for whatever reason, to sign his pleadings in this action with his name listed as "Henderson-Lewis: Hinton." However, plaintiff's name as listed in the BOP's online Inmate Locator is Henderson Lewis Hinton, as it has been listed in all his previous filings on PACER. The Clerk will be directed to correct the docket to plaintiff's name as it is listed with the BOP.

1

sanitary manner,"[2] in malicious retaliation for plaintiff having corresponded with the West Virginia Secretary of State and the Moroccan embassy. Plaintiff contends that the C.O. intentionally inflicted emotional distress upon him, and as a result of the C.O.'s wrongful act, he exposed plaintiff to humiliation and "infectious disease or worse." Plaintiff also raises claims of violations of Equal Protection and the American w/ Disabilities Act. The Standard Form 95 attached to his complaint indicates that the following day, June 4, 2013, when he informed the Warden and Associate Warden of the C.O.'s actions, "they both replied, "we'll get you more gloves.""[3]

As relief, plaintiff requests $50,000.00 and "an award of punitive damages," to be determined by a JURY."[4]

Nonetheless, despite plaintiff having now complied with the deficiency notice and provided the court with the court-approved form documents necessary to properly move for leave to proceed as a pauper, the plaintiff is not entitled to proceed *in forma pauperis* under 28 U.S.C. §1915(g).

Under what is commonly known as the "Three Strike Rule," the PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[2] Plaintiff suffers from a gunshot wound-related spinal cord injury that requires him to manually remove feces from his rectum. See Dkt.# 1-2 at 2.

[3] Dkt.# 1-1 at 2.

[4] Dkt.# 1-1 at 1 and Dkt.# 6 at 17.

28 U.S.C. §1915(g)

The BOP's online "inmate locator" indicates that the plaintiff is 37 years old with a projected release date of November 5, 2072.[5] A PACER search reveals that since April 19, 2007, plaintiff has filed at least 9 cases,[6] three of which were civil rights cases which were dismissed as frivolous and/or for failure to state a claim upon which relief can be granted; he appealed two of those, giving him an additional two strikes.[7] Consequently, Hinton is listed on the National *Pro Se* Three-Strikes Database as an abusive filer.

As set forth above, the plaintiff has filed at least three civil actions which were dismissed on the grounds of being frivolous, malicious, or failing to state a claim upon which relief may be granted. Therefore, based on the strikes the plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." Here, the undersigned finds that the plaintiff's claim against the C.O., despite its unpleasantness, was likely rectified the following day; the plaintiff's own Form 95, attached to his complaint, admits that upon his reporting the C.O.'s actions to the Warden and Associate Warden the next day, both immediately assured him he would be provided with more gloves.

---

[5] On December 12, 2007, after a 3-day jury trial in the Eastern District of North Carolina, the plaintiff was convicted in Case No. 2:06-cr-00015-BO-1 of two counts of interfering with commerce by robbery, in violation of 18 U.S.C. §1951; one count of armed bank robbery, in violation of 18 U.S.C. §2113(a) and (d), 18 U.S.C. §2; and three counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1). On May 9, 2008, he was sentenced to 188 months' imprisonment on Counts One, Three, and Five; 84 months' imprisonment on Count Two (to be served consecutively); 300 months' imprisonment on Count Four (to be served consecutively); and 300 months' imprisonment on Count Six (to be served consecutively).

[6] Three of those were §2255 motions to vacate filed in the sentencing court; one (Case No. 1:13cv170-IMK-JES, was a §2241 petition filed in this district, attacking his conviction; it was recommended for dismissal on January 28, 2014, and another filed in this district (Case No. 5:13cv74-FPS-JES) was a civil rights case that was dismissed for failure to exhaust.

[7] Hinton v. Holding, 5:07ct03057-D (E.D.N.C. 2010) *aff'd*. 410 Fed.Appx. 647 (4th Cir. Feb. 14, 2011)(per curiam); Hinton v. Cooper, 5:11ct03039-BO (E.D.N.C. 2011) *aff'd*. 474 Fed.Appx. 273 (4th Cir. June 25, 2012)(per curiam); and Hinton v. Obama, 5:13ct03022-D (E.D.N.C. 2013).

Further, plaintiff indicates that he assumed, by the C.O.'s behavior toward him later that day, that the C.O. had been reprimanded for his actions.[8] Clearly, the defendants have not been deliberately indifferent to the plaintiff's serious medical needs.

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt.# 7) be **DENIED** and his Complaint (Dkt.# 1 and 6) be **DENIED** and **DISMISSED without prejudice**, pursuant to 28 U.S.C. §§1915(g) and Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. [S]he must pay the filing fee at the time [s]he initiates the suit.").

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by March 11, 2015,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to correct plaintiff's name on the docket to his name as it is listed in his previous filings and with the BOP: "Henderson Lewis Hinton."

---

[8] It is unclear from the partially-illegible record why plaintiff believed this. See Dkt.# 1-1 at 2.

The Clerk is further directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record electronically.

DATED: February 25, 2015

                                          /s/ James E. Seibert
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE