**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**HENDERSON LEWIS HINTON,**

    Plaintiff,

v.                                                 **CIVIL ACTION NO.: 3:15-CV-5**
                                                                   **(GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 12] of United States Magistrate Judge James E. Seibert. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed R&R. Magistrate Judge Seibert issued his R&R on February 25, 2015. In the R&R, the magistrate judge recommends that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 7] be denied and that the Plaintiff's Complaint [ECF Nos. 1 and 6] be denied and dismissed without prejudice, pursuant to the "three strikes rule" of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of

a party's right to appeal this Court's Order.  See 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Objections to Magistrate Judge Seibert's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Service of the R&R was accepted at the United States Penitentiary, Hazelton ("FCI Hazelton"), where the Plaintiff is currently incarcerated, on March 2, 2015. After the Court granted a short extension, the Plaintiff timely filed his objections. Accordingly, the Court will undertake a de novo review of those portions of Magistrate Judge Seibert's findings to which objection is made.  The Court will review the remainder of the R&R for clear error.

The Plaintiff's original complaint, received by the Court on January 21, 2015, alleged a cause of action under the Federal Tort Claims Act ("FTCA"), citing 28 U.S.C. § 1346. Following the issuance of a notice of deficient pleading, the Plaintiff filed a Court-approved form complaint on February 17, 2015, together with a motion for leave to proceed *in forma pauperis*.  The Plaintiff's form complaint alleges that, as an inmate at FCI Hazelton, he was a victim of cruel and unusual punishment, was subjected to deliberate indifference, was denied the equal protection of the laws, and was negligently harmed.  These allegations stem from an incident that occurred on June 3, 2013, when a federal Bureau of Prisons correctional officer allegedly entered the Plaintiff's cell and confiscated his "medically prescribed gloves and KY jelly," in retaliation for the Plaintiff attempting to send special mail to the West Virginia Secretary of State and the Moroccan Embassy in Washington, D.C.

The Plaintiff, who suffers from a spinal cord injury caused by a gunshot wound, must manually remove feces from his rectum with his fingers in order to defecate.  For that

2

reason, he is allowed to possess one box of large gloves in his prison cell. As a result of the correctional officer's confiscation of his gloves, the Plaintiff avers that he was "forced . . . to have to use his bare hand to remove his feces from his rectum which subjected plaintiff to Cruel and unusual punishment." Following that incident, the Plaintiff submitted several administrative remedy forms. On one such form, the Plaintiff asserted that he suffered mental anguish, in part because "[n]o matter how many times I washed my hands the smell of fecal matter was still there." In his Court-approved form complaint, the Plaintiff requests $50,000 in damages. Upon reviewing the Plaintiff's allegations, the magistrate judge found it likely that the Plaintiff was provided with replacement gloves the day after the incident occurred. The magistrate judge reached this conclusion in part because the Plaintiff himself averred that the warden and associate warden at FCI Hazelton told the Plaintiff that he would be provided with more gloves. Indeed, the Plaintiff does not allege that he was deprived of his gloves for any extended period of time.

The magistrate judge found that the Plaintiff's filing should be dismissed without prejudice, as the Plaintiff—who is identified as an abusive filer by the National *Pro Se* Three-Strikes Database—has filed at least three civil actions which were dismissed as frivolous, malicious, or as failing to state a claim upon which relief may be granted. Commonly known as the "three strikes rule" of prisoner litigation, 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Plaintiff objects on multiple grounds to the magistrate judge's recommendation of dismissal without prejudice. First, the Plaintiff argues it was error for the magistrate judge to find that the Plaintiff is not in imminent danger of serious physical injury. Second, the Plaintiff objects to the magistrate judge's description of the Plaintiff's claim as "likely rectified." And third, the Plaintiff objects to the magistrate judge's characterization of the Plaintiff as an abusive filer.[1] Upon careful review, the Court finds that the Plaintiff's objections should be overruled.

A prisoner who is otherwise precluded from filing without the prepayment of fees under the three strikes rule may still be allowed to file a claim if he is "under imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). In arguing that imminent danger of serious physical injury exists, "[v]ague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g)." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (per curiam) (unpublished) ; see also Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (stating that a prisoner's allegations of imminent danger of serious physical injury must be "real and proximate"); Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001) (noting that a prisoner's allegations of imminent danger of serious physical injury must be specific and credible). "Several circuit courts have held 'the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed.'" Smith v. Wang, 370 F. App'x 377, 378 (4th Cir. 2010) (per curiam) (unpublished) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)) (citing

---

[1] The Plaintiff also objects to Magistrate Judge Seibert's use of the Plaintiff's name. The Plaintiff seems to aver that his real name is "Henderson-Lewis:Hinton" and that he owns the person known as "Henderson Lewis Hinton," the latter being a piece of private property.

4

Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam)).

In the instant case, Magistrate Judge Seibert found that the Plaintiff was not under imminent danger of serious physical injury, in part because it was apparent that prison officials had given the Plaintiff his gloves back. The Plaintiff does not contend that his gloves were not given back. Instead, in his objections to the R&R, the Plaintiff argues that he suffered additional wrongs in the months that followed the glove confiscation incident. For example, the Plaintiff alleges that in February of 2015 a correctional officer confiscated the Plaintiff's toilet cleaning equipment. The Plaintiff avers that, after defecating, he has to "put his hand inside the toilet bowl" in order to "rinse off excess feces from the glove" using toilet water,[2] and therefore that the confiscation of his toilet cleaning supplies left him subject to a "greater risk of infection or worse."[3] But this allegation is not found in either the Plaintiff's original complaint—which was filed in January of 2015—or his Court-approved form complaint. Reviewing the *pro se* Plaintiff's filings liberally, it is difficult to construe the Plaintiff's allegations concerning cleaning supplies as a proper objection to the magistrate judge's finding concerning the Plaintiff's gloves. Even construed as a valid objection, the Plaintiff's allegations do not constitute "specific fact allegations of ongoing serious physical

---

[2] The Plaintiff does not explain why he must use toilet water to wash his gloves.

[3] The Plaintiff alleges that he contracted two different strains of methicillin-resistant Staphylococcus aureus in 2011. He states, "I believe that the infection was due to my having to use toilet water (waste water) when I use the toilet." According to the Plaintiff, employees of the prison's Health Service department diagnosed the Plaintiff's wound as a pressure sore. Regardless, the Plaintiff does not contend that he was denied medical attention, and he does not reference any other medical issues occurring in the past four years that were allegedly caused by his lack of cleaning supplies.

injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," as required to meet the imminent danger exception under § 1915(g). Martin, 319 F.3d at 1050 (citing Abdul-Akbar, 239 F.3d at 315 n.1).

The Plaintiff objects to the magistrate judge's statement that "the plaintiff's claim against the [correctional officer], despite its unpleasantness, was likely rectified the following day." In context, the magistrate judge's statement refers to the apparent fact that prison officials had given the Plaintiff his gloves back. The Plaintiff's objection, however, goes to the merits of his FTCA claim. "There was nothing unpleasant about the actions" of the correctional officer, the Plaintiff states, "his actions were atrocious, inhuman and egregious. . . . For the Magistrate to even think that what [the correctional officer] did to plaintiff . . . was rectified . . . by the assurance by the Warden and Associate Warden that plaintiff would be provided more gloves shows that there seems to be no justice for plaintiff." The Plaintiff's objection concerns his hope for court-ordered punishment of the correctional officer, but the objection does not address any potential danger of serious harm resulting from the officer's conduct. The imminent danger exception under § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Id.

Finally, the Plaintiff argues that he is not an abusive filer. To the contrary, he asserts, "[i]t is the District Courts and judges/justices such as the Magistrate who engage in tactical and techn[]ical ways to prevent plaintiff from having his day in court." The Plaintiff argues that "he can prove each and [e]very claim he has ever presented." But he provides no factual support for these assertions. The Court finds this objection to be without merit. Therefore, for the reasons provided above, each of the Plaintiff's objections

6

is **OVERRULED**.

Upon careful consideration of the record, the parties' motions, and the R&R, the Court finds that Magistrate Judge Seibert committed no clear error with regard to the portions of the R&R to which the Plaintiff filed no objections.

Accordingly, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation [ECF No. 12] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Plaintiff's objections are **OVERRULED**. The Court **ORDERS** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 7] be **DENIED** and that the Plaintiff's Complaint [ECF Nos. 1 and 6] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendant.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

**DATED**: September 10, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE